IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIRGILIANT TECHNOLOGIES LIMITED, <br><br> Plaintiff, <br><br> v. <br><br> ABC ASSETS, INC. and APTARGROUP, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )  C.A. No. 21-181 (MN) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM ORDER

At Wilmington, this 13th day of August 2025;

WHEREAS, on February 14, 2017, Plaintiff Virgiliant Technologies Limited ("Plaintiff") executed a purchase order with CoHero Health Inc. ("CoHero"), wherein CoHero agreed to buy 102,000 product units from Plaintiff at a price of $27.50 per unit, for a total of $2.805 million ("the Purchase Order") (D.I. 1 ¶ 71; D.I. 5, Ex. 5);

WHEREAS, in 2020, CoHero became known as ABC Assets, Inc. (D.I. 13 ¶ 7);

WHEREAS, on February 10, 2021, Plaintiff filed a complaint for breach of contract against Defendants ABC Assets, Inc. ("Defendant" or "ABC") and AptarGroup, Inc. ("Aptar") (D.I. 1), a copy of which was duly served on Defendant on February 16, 2021 (D.I. 6);

WHEREAS, on April 20, 2021, Defendant filed its Answer and Affirmative Defenses, in which it admitted to being the successor in interest to CoHero Health and additionally asserted the defense that "ABC sold . . . all of its operating assets to Aptar via [an Asset Purchase Agreement] and subsequently filed a Certificate of Dissolution with the State of Delaware on January 15, 2021" (D.I. 13 ¶¶ 4, 7 & Affirmative Defense No. 3);

WHEREAS, on September 14, 2021, counsel for Defendant filed a motion to withdraw, which stated that, "[f]ollowing the sale of all of its operating assets to defendant Aptar Group, Inc., ABC wound down its business and filed a Certificate of Dissolution with the State of Delaware on January 15, 2021 . . . [and] has depleted all of its remaining assets" (D.I. 33 ¶¶ 1-2);

WHEREAS, on September 17, 2021, the Court granted counsel's motion to withdraw and ordered Defendant to retain replacement counsel within sixty (60) days (D.I. 34);

WHEREAS, on November 23, 2021, in response to the Court's order, ABC's "vice president for the purpose of dissolution" filed a letter informing the Court that ABC would be unable to comply with the Court's order to retain new counsel, due to the fact that it was insolvent and had been dissolved nearly a year prior (D.I. 42);

WHEREAS, since then, Defendant has not participated in this action (*see* D.I. 77 ¶ 7);

WHEREAS, on April 5, 2022, Plaintiff filed a Request for Entry of Default as to Defendant (D.I. 51), a copy of which was duly served on Defendant on June 30, 2022 (D.I. 64);

WHEREAS, on August 17, 2022, the Clerk of Court entered a Clerk's Entry of Default as to Defendant (D.I. 77);

WHEREAS, on May 21, 2025, Plaintiff filed a motion for default judgment (D.I. 84), a copy of which was duly served on Defendant that same day (*see* D.I. 84-1);

WHEREAS, Plaintiff's motion appears to seek judgment on all of the claims in its Complaint (*see* D.I. 84 ¶¶ 14-16), but its briefing only "seeks . . . relief against ABC" in the form of "[e]ntry of judgment in favor of Plaintiff and against Defendant ABC assets for ABC's corporate predecessor's breach of contract in the amount of $2,461,250, representing the unpaid balance of the purchase order for 89,500 HeroTracker devices at $27.50 per device, plus incidental damages,"

and "[a]n award of pre-judgment and post-judgment interest to the date the initial default was entered, plus costs, and any other relief that the Court deems just and proper" (*id.* ¶ 18);

WHEREAS, the Court will limit its analysis to the relief requested for the breach of contract claims, damages of $2,461,250, and post judgment interest;[1] and

WHEREAS, Defendant has neither responded to the default judgment motion nor taken any other substantive action in this case since filing its Answer to the Complaint on April 20, 2021 (*see* D.I. 77 ¶ 7).

THEREFORE, IT IS HEREBY ORDERED that, for the reasons set forth below, Plaintiff's motion for default judgment against Defendant (D.I. 84) is **GRANTED**.

1. "Entry of default judgment is a two-step process." *Tristrata Tech., Inc. v. Med. Skin Therapy Research, Inc.*, 270 F.R.D. 161, 164 (D. Del. 2010). First, the plaintiff must request that the Clerk of Court enter a default against the defendant that has failed to answer the pleading or otherwise defend itself. *Id.*; Fed. R. Civ. P. 55(a). After default has been entered by the Clerk, a plaintiff may obtain a default judgment. Fed. R. Civ. P. 55(b); *Talley v. Clark*, 111 F.4th 255, 262 n.2 (3d Cir. 2024). If the movant seeks relief in the form of a sum certain, it may obtain a default judgment from the Clerk. Fed. R. Civ. P. 55(b)(1); *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1147 (3d Cir. 1990). Otherwise, "the party seeking default judgment must apply to the court for an entry of default judgment." *Tristrata*, 270 F.R.D. at 164; Fed. R. Civ. P. 55(b)(2).

2. Courts have discretion over whether to enter a default judgment in a particular case. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). The Court considers three factors in determining if default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied,

---

[1] Plaintiff did not substantiate its request for prejudgment interest and thus that request is denied. (*See* D.I. 84 ¶ 18).

(2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). For purposes of that determination, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *PPG Indus. Inc v. Jiangsu Tie Mao Glass Co. Ltd*, 47 F.4th 156, 161 (3d Cir. 2022) (citation omitted). With respect to damages, the plaintiff must prove its entitlement to the award it seeks. *Id.*

3. As to the first factor, the Complaint asserts a claim for breach of contract. (D.I. 1). It plausibly alleges the formation of a contract (the Purchase Order) between Plaintiff and CoHero in 2017, that CoHero breached by virtue of nonpayment, resulting in damages to Plaintiff in the form of the outstanding balance, and that CoHero became Defendant ABC in 2020. (D.I. 1 ¶¶ 1, 7; D.I. 5, Ex. 5). Taking the Complaint's allegations as true, Plaintiff "would suffer prejudice by being deprived of the recovery of a significant sum of money." *Insight Invs., LLC v. Bos. Mkt. Corp.*, No. 23-1077 (GBW), 2024 WL 1637320, at *3 (D. Del. Apr. 16, 2024).

4. Second, Defendant filed its Answer in this case on April 20, 2021, asserting the affirmative defenses that Plaintiff failed to allege a valid contract, failed to allege damages, and failed to mitigate, among others. (*See* D.I. 13 at 42-43). Defendant therefore has litigable defenses, and this factor weighs in its favor. *See Turner v. Corr. Med. Servs., Inc.*, 262 F.R.D. 405, 408 (D. Del. 2009).

5. Third, "[d]espite being properly informed and served, Defendant has failed to participate in this action" since April 2021. *Ilyich Mariupol Iron & Steel Works v. Argus Devs. Inc.*, No. 12-832 (LPS), 2013 WL 1222699, at *2 (D. Del. Mar. 26, 2013). In the more than four years since then, Defendant did nothing while Plaintiff and Aptar engaged in discovery, including serving and responding to document requests, interrogatories, and requests for admission, as well

as holding depositions. (*See, e.g.*, D.I. 53-59). Defendant has had no counsel since September 2021. (*See* D.I. 33, 34). And, when ordered to obtain new counsel by the Court, Defendant submitted a letter stating that it could not and would not do so, because the company had dissolved and was insolvent. (*See* D.I. 34, 42). Accordingly, Defendant's failure to participate in this action is the result of its own culpable conduct. *See Roy v. Sakhr Software Co.*, No. 11-863 (LPS), 2015 WL 4608132, at *2 (D. Del. July 31, 2015); *FKS Akkad Cap. GP, LLC v. JohnFK Med. Co. Inc.*, No. 20-952 (CFC), 2022 WL 2666002, at *2 (D. Del. July 11, 2022).

6. Thus, because two of the three factors weigh in Plaintiff's favor, the Court finds that a judgment of default is warranted here. *See Turner*, 262 F.R.D. at 410.

7. As to damages, the Complaint alleges that breach of the Purchase Order has resulted in damages of $2,461,250. (D.I. 1 ¶ 155; D.I. 84 ¶ 18(a)). In support, Plaintiff submitted a copy of the Purchase Order. (*See* D.I. 5, Ex. 5). That evidence is uncontroverted. Thus, the Court finds that damages of $2,461,250 are appropriate. *See Insight*, 2024 WL 1637320, at *3.

8. Default Judgment will be entered against Defendant in the amount of $2,461,250. Plaintiff is additionally entitled to post-judgment interest at a rate of 3.92%, to be calculated from the date of the judgment through the date of actual collection. *See* 28 U.S.C. § 1961(a) ("Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."). Plaintiff may also move for costs. *See* Fed. R. Civ. P. 54(d)(1).

IT IS FURTHER ORDERED that Plaintiff shall mail a copy of this Memorandum Order and accompanying Default Judgment to Defendant and shall file a certificate of service evidencing the same.

*Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge